Springer, J.,
dissenting:
This case was commenced over seven years ago. In my view, the trial court was acting properly within its discretion when it finally ruled that the state’s loss or destruction of evidence necessary for Warner’s defense prejudiced Warner in his ability to refute the state’s theory of the case.
The trial judge had the opportunity to examine a wide assortment of facts relating to the nature of each of a number of evidential items and to hear testimony relative to how and why certain important evidence for the defense had become unavailable. Without having the advantage of being on the scene and inspecting the large volume of evidence that supported the trial judge’s decision in this case, this court now unadvisedly makes such broad, unsupported judgments as, “Warner has failed to prove that the lost evidence would have been exculpatory” and “unavailability of the evidence does not violate Warner’s due process right to a fair trial.”
I see the reversal of the trial court’s judgment in this case as a serious and unwarranted intrusion into the prerogatives of the trial court. I see this court as being more and more willing to do this, and I think that it is an unhealthy and unjust exercise of *1245 appellate powers. The trial court, in my opinion, clearly did not abuse its discretion in making the decision that it did; therefore, I would affirm the judgment.